IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD JAMES TUCKER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1589-L** |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Amended Motion to Dismiss, filed April 30, 2009.  After carefully

considering the motion, briefs, record, and applicable law, the court **grants** Amended Motion to

Dismiss.

## I.      Factual and Procedural Background

Plaintiff Richard James Tucker ("Plaintiff" or "Tucker") filed his Complaint against the

United States of America ("Defendant" or "United States") on September 10, 2008.  He asserts that

the United States has violated his rights under the Eighth Amendment to the United States

Constitution and that it is liable pursuant to the Federal Tort Claims Act.  His claims arise from

Defendant's alleged failure to provide him with hip replacement surgery while a federal prisoner.

Plaintiff filed his First Amended Complaint (the "Complaint") on March 19, 2009.  He

contends that Bureau of Prisons ("BOP") employees are "employees of the Government" for the

purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").  He alleges that his

claims "are for personal injury caused by the negligent or wrongful acts or omissions of BOP

employees while acting within the scope of their office or employment."  Compl. ¶ 14.  Plaintiff

**Memorandum Opinion and Order - Page 1**

alleges "negligent or wrongful" acts by Dr. J. Capps, Dr. A.S. Duckworth, BOP employees at FCI

Seagoville, BOP wardens at FCI Seagoville, Health Services Administrator Mr. G. Trueblood, BOP

wardens and associate wardens at FMC Rochester, Dr. T. Tran, Dr. D. Edwardy, Dr. S. O'Grady,

Mr. J. Schmidt, BOP employees at FMC Rochester, the BOP Director, BOP North Central Regional

Director, BOP South Central Regional Direction, and other BOP national and regional office

employees.

Plaintiff filed an administrative claim with the North Central Regional Office of the Bureau

of Prisons while he was an inmate at the Federal Medical Center in Rochester, Minnesota.  The

North Central Regional Office transferred Plaintiff's claim to the South Central Regional Office in

Dallas, Texas.  Plaintiff's claim was denied on August 11, 2005, and he contends that he filed his

complaint within six months of filing his request for reconsideration of the BOP's denial of his

administrative claim filing pursuant to 28 C.F.R. § 14.9(b).

II.     **Legal Standards**

     A.     **Rule 12(b)(1) – Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over cases "arising under" the Constitution,

laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000,

exclusive of interest and costs, and diversity of citizenship exists between the parties.  28 U.S.C. §§

1331, 1332.   Federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they

lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is

lacking.  *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**B.      Rule 12(b)(6) – Failure to State a Claim**

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*.  R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only

determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

III.    **Analysis**

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The government argues that Tucker's claim brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is barred by sovereign immunity. It also contends that Plaintiff's FTCA claims fail because they are barred by the applicable statute of limitations, fail to state a claim because they are not based upon state law, are barred by the discretionary function exception, or are barred by the independent contractor exception. Defendant responds that he did not bring a *Bivens* claim and that his FTCA claims are not barred. Because Tucker expressly disclaims bringing any *Bivens* claim, the court considers only the arguments regarding his FTCA claims.

A.     **Statute of Limitations**

The government argues that several of Plaintiff's claims are barred by the statute of limitations, including his claims regarding delay/denial of treatment while he was confined at FCI Seagoville and FMC Rochester. With respect to FCI Seagoville, the government contends that Plaintiff did not file his administrative claim under the FTCA within two years after the claims accrued because his claim accrued in February 2004 when employees did not immediately comply with the doctor's recommendation to give him a total hip replacement and when another doctor advised him in March 2004 to walk two miles a day. Tucker did not file his administrative claim until May 18, 2007. With respect to FMC Rochester, the government contends that his claims accrued on March 31, 2005, when Plaintiff complained about delays in treatment, or on April 7,

2005, when Warden LeBlanc responded to his complaint and Tucker learned that the treatment time frame was controlled by the Mayo Clinic and not federal employees working at FMC Rochester.

As to his claims regarding FCI Seagoville, Plaintiff responds that they did not accrue, and the statute of limitations did not begin to run, until he had the information necessary to discover "both his injury and its cause." He argues that he could not have known that the delay in receiving hip replacement surgery would result in additional injuries and he thought that the surgery was a "panacea." Accordingly, he argues that these claims would not have accrued until after his hip replacement surgery in May 2005, when he realized that the surgery did not solve all of his problems. With respect to FMC Rochester, Plaintiff responds again that his claims did not accrue until he knew of the both the injury and its cause, and he was not able to file an administrative claim before his surgery.

The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "Limitations in statutes waiving sovereign immunity [such as the FTCA] are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress." *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (citation omitted). In construing the statute in the context of medical malpractice, the court has held:

> Section 2401(b) bars a tort action against the federal government unless the claim is first presented to the appropriate federal agency within two years after such claim accrues. The statute does not define, however, when a claim accrues. The general rule under the FTCA is that a tort action accrues at the time of a plaintiff's injury. For FTCA medical malpractice cases, however, [*United States v. Kubrick*, 444 U.S. 111 (1979)] adopted a discovery rule for

> claim accrual, under which the time starts to run when the plaintiff
> has the information necessary to discover both his injury and its
> cause. This is because, where the injury or its cause may not be
> manifested to the plaintiff until many years after the event, the tort
> action should not accrue, for statute of limitation purposes, until the
> plaintiff is put on notice of the wrong.

*Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006) (citations and quotations omitted). In light of this standard, the court now considers whether Plaintiff's claims are jurisdictionally barred.

The parties agree as to the applicable legal standard; the government contends that Plaintiff was on notice of his injuries as early as February 2004, while he argues that he could not have known of "potential" injuries at that time. The government points out that Plaintiff identified the date of his accident or injury as "ongoing from February 2004" in his FTCA claim form, and that Plaintiff, when providing information about his claim to a BOP attorney, stated that he knew "[o]n or about early November 2004" that FCI Seagoville employees had failed to comply with Dr. Mitchell's recommendation for treatment of his hip condition. Tucker argues that he "was unaware that delay in receiving total left hip replacement surgery would result in injuries that were additional to pre-surgical pain," and therefore contends that he could not have filed a claim for potential injuries of which he was not aware. Plaintiff also states in his affidavit that "I did not learn from any source until shortly after total replacement of my left hip that the delay in surgery could have any adverse effects beyond the date of surgery, other than the risks attributable to surgery itself." Tucker Aff. ¶ 7.

The court has carefully reviewed the legal standard, arguments, and evidence submitted by the parties. With respect to his claims relating to FCI Seagoville, Tucker's argument that he expected the hip replacement to be a panacea is not consistent with the evidence that he listed dates in 2004 as the onset of his injury on his FTCA claim form and in response to questions from the government attorney. Under the standard set forth in *Johnson*, Plaintiff had the information to

discover the injury and its cause when he did not receive the hip replacement surgery quickly and when Dr. Duckworth advised him to walk at least two miles a day. Plaintiff's affidavit now cannot revive his time-barred claim because his own admissions support the conclusion that he discovered his injuries in 2004, more than two years before he filed his FTCA claim.

As to his claims regarding FMC Rochester, the evidence also supports that Plaintiff knew or should have discovered his injuries more than two years before he filed his claim. Plaintiff complained about delays in his treatment in March 2005; he did not file his FTCA complaint until May 2007, more than two years after complaining about these delays. With these claims, Plaintiff's statement now that he did not learn of additional injuries until after his hip replacement surgery does not save his claim because his own complaints demonstrate his knowledge of his injuries more than two years before his FTCA claim was made. Accordingly, the court determines that Plaintiff's claims relating to delays in treatment at FCI Seagoville and FMC Rochester are time barred because they were not filed within two years of discovery of his injuries as required by the FTCA. Because the court does not have subject matter jurisdiction over Plaintiff's claims for delay or denial of treatment by FCI Seagoville and FMC Rochester employees, the court **dismisses** these claims **without prejudice**.

### B.    Claims Based Upon State Law

The government also moves to dismiss Plaintiff's claims relating to violations of federal law and policies as well as allegations of failure to supervise employees or implement procedures for the performance of Plaintiff's hip surgery. Although the government cites only Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court determines that its argument regarding these claims are that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). Accordingly, the court examines these claims in light of the Rule 12(b)(6) standard. The government contends that these claims

involve federal obligations and therefore do not state a colorable FTCA claim.  It argues that Plaintiff has failed to identify any applicable state law duty of care that federal employees violated.

Tucker responds by identifying the applicable state law upon which his FTCA claims rest. He contends that his claims against FCI Seagoville and BOP South Central Regional employees are based upon negligent or wrongful acts pursuant to the Texas Tort Claims Act.  He also contends that his claims are medical malpractice claims and negligence claims.  Plaintiff argues that FMC Rochester employees are liable for negligent or wrongful acts or omissions as they related to their employment.  He also contends that his claims are based upon medical malpractice.  With respect to BOP national office employees in the District of Columbia, Plaintiff contends that they had a duty of care pursuant to 18 U.S.C. § 4042 and he was damaged by their breach.  He also argues that these employees were negligent under District of Columbia law or have committed the tort of negligent supervision.  He also states that BOP employees had a duty to provide medical treatment in the  most effective manner pursuant to 18 U.S.C. § 3553(a)(2)(D).  Finally, he states that BOP North Central Region employees in Kansas are liable for negligent or wrongful acts or omissions.

The court has already ruled that Plaintiff's claims for delayed treatment against employees of FCI Seagoville and FMC Rochester are barred by the statute of limitations.  The remaining claims are his claims that Defendants failed to formulate or implement certain policies or procedures. Compl. ¶¶ 18, 20, 25-27.  Some of these claims are specifically pleaded as violations of 18 U.S.C. § 3553(a)(2)(D) and the Eighth Amendment to the United States Constitution.  The court agrees with the government that these claims are not actionable pursuant to the FTCA.

The FTCA makes the government liable "in the same manner and to the same extent as a private individual under like circumstances . . . ."  28 U.S.C. § 2674.  The government can be found liable for damages:

> caused by the negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with the
> law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). "[T]he FTCA was not intended to redress breaches of federal statutory duties."

*Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (quotation and citation omitted). Violations

of the United States Constitution, federal statutes, or federal regulations do not therefore satisfy the

FTCA's "law of the place" requirement. *Id*. To the extent that Plaintiff's policies and procedures

claims are pleaded as violations of 18 U.S.C. § 3553(a)(2)(D) and the Eighth Amendment, they do

not give rise to a FTCA claim. For the remaining claims that do not specifically refer to the

Constitution or a federal statute, Plaintiff has failed to plead how federal employees' failure to

implement specific procedures or policies violate the law of any of the implicated states, or how

such failures could make a "private individual under like circumstances" liable. Plaintiff's

Complaint is not a model of pellucid draftsmanship, and the remaining claims fail the test set forth

in *Twombly*. Accordingly, the court determines that Plaintiff has failed to plead an adequate state

law basis for his FTCA claims regarding policies and procedures. The court therefore **dismisses**

**with prejudice** Plaintiff's remaining claims. Because the court finds that Plaintiff's claims are time-

barred or based upon federal law, it does not reach the government's arguments about the

discretionary and independent contractor exceptions to the FTCA.

### C.    Leave to Amend

Plaintiff has not sought leave to amend his Complaint if the court grants the government's

motion to dismiss. Even if he had, the court would not grant such leave. The government filed its

original motion to dismiss on December 1, 2008, raising the same legal arguments as in the instant

motion. Plaintiff amended his complaint on March 19, 2009. The government filed the instant

motion on April 30, 2009, addressing the amended pleading.  Among the reasons that a court may deny leave to amend are undue delay, failure to cure deficiencies by prior amendment, and futility of amendment.  *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  The court determines that Plaintiff has had an opportunity to amend his Complaint in light of the deficiencies identified by the government in its first motion to dismiss, that these deficiencies remain in the amended pleading, that further amendment will cause unnecessary delay, and that Plaintiff has pleaded his best case, thereby making further amendment futile.

**IV.    Conclusion**

For the foregoing reasons, the court **grants** Amended Motion to Dismiss.  The court lacks subject matter jurisdiction over Plaintiff's claims for delay or denial of treatment by FCI Seagoville and FMC Rochester employees; it therefore **dismisses** these claims **without prejudice.**  Plaintiff's remaining claims (those relating to Plaintiff's allegations that Defendants failed to implement certain policies or procedures) fail to state a claim upon which relief can be granted; the court therefore **dismisses** his remaining claims **with prejudice**.

**It is so ordered** this 23rd day of September, 2009.

Sam A. Lindsay
United States District Judge